IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRAVIS MARCINE FULLARD       * <br> a/k/a James Anthony Jackson <br> a/k/a Saeed Kwanzaa             * <br>     Plaintiff, <br>     v.                                        *    CIVIL ACTION NO. PWG-14-3405 <br> <br> STATE OF MARYLAND              * <br> ANGELA D. ALSOBROOKS <br> ALANA GAYLEE                       * <br> MELANIE SHAW-GETER <br> CLERK #344                              * <br> BOBBY SHEARIN <br>     Defendants.                       * <br>                                 ***** | |

## MEMORANDUM

On October 28, 2014, the court received for filing the above-captioned fee-paid, 64-page civil rights complaint filed by Travis Marcine Fullard, a prisoner housed in the Texas Department of Criminal Justice ("TDCJ") system at the Mark W. Stiles Unit in Beaumont, Texas. The self-represented claims are filed against the State of Maryland, two state prosecutors, a state circuit court judge, a state court clerk, and a former Maryland state prison warden. The complaint was accompanied by 190 pages of documents comprised of a verified complaint, an index of documents, affidavit and declarations, and an extensive number of exhibits. ECF No. 1. Fullard also filed a motion for official service of process. ECF No. 2.

Fullard claims that he and "James Anthony Jackson" are two separate and distinct persons and that Jackson "is an artificial person" and a registered trade name of plaintiff Fullard that operates as the "conveyance utility" of Fullard in admiralty. Fullard further states that he is a natural person

born in the Republic of Florida and is of Moorish-American descent.[1] He objects to the Court's "presumption that he is a U.S. Person, U.S. Resident, State Resident, State Ward, Public Individual, Elective Franchise or any other type of agent or instrumentality of the United States." He seemingly attacks a 1987 charging document issued in Prince George's County, Maryland, raising an elaborate argument that he entered into a "simple contract" in admiralty with the State of Maryland and received a charging document that was defective because it was not based on substance or consideration.[2]  Compl. 7-9. Fullard discusses negotiable escrow securities, "exchanges of consideration," warranties, a void judgment, warehouse receipts, a notice of default, and his unauthorized "naturalization" by a state court judge. He accuses the defendants of a breach of contract and trust and civil rights violations.[3]  *Id.* at 10 & 46-48.

Fullard additionally alleges that in September of 2013, during his confinement in Maryland, his legal property was confiscated and was not returned to him for two days. He claims that in

---

[1] The legal assertions raised in the complaint and declaration involving Fullard's Moorish-American descent amount to nonsensical gibberish. Fullard claims that he is a "Moorish American" and that, based on his ancestry, the State of Maryland does not have jurisdiction over him. Fullard is not the first person to raise this or similar claims based on an alleged status as a "Moorish American." These claims have been rejected. *See Pitt–Bey v. District of Columbia,* 942 A .2d 1132, 1136 (D. C. 2008); *Ferguson-el v. Virginia,* 2011 WL 3652327 (E.D. Va. 2011); *Albert Fitzgerald Brockman–El v. N.C. Dep't of Corr.,* Civil Action No. WO-09-633 (M.D.N.C. 2009), appeal dismissed for lack of a substantial showing of the denial of a constitutional right, 373 F. App'x 332 (4th Cir. 2010). The court is not aware of any instance where the United States has recognized the so-called "Moorish/Muurish Nation" as a sovereign.

[2] Fullard states that the State of Maryland used "joinder" to make him and James Anthony Jackson into one person so as to file criminal charges against him in 1987. Compl. 46.

[3] Fullard states that in April of 2014, he filed an action in the nature of an "action of assumpsit" in the Circuit Court for Prince George's County. Compl. 49. The state court docket reveals that the case was dismissed without prejudice on October 7, 2014. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CAL1411219&loc=65&detailLoc=PGV; Fed. R. Evid. 201(b) (permitting judicial notice of court documents).

October of 2013, his personal property was confiscated to prevent him from "enforcing his private administrative remedy" in the state courts. Compl. 20-21 & 32-34. Fullard claims that his requests to forward the personal property to the TDCJ have not been responded to by Maryland prison personnel. *Id.* at 33-35.

Next, Fullard discusses his recent efforts to void the criminal judgment in the Circuit Court for Prince George's County, stating that defendants had a duty to respond to his demand of proof of claim. He references an alleged administrative remedy settlement agreement between himself and the State of Maryland involving his "void judgment." Fullard further claims that his transfer to Texas under the Interstate Corrections Compact ("ICC") was a "malicious attempt" to prevent him from litigating his administrative remedy claim against the State of Maryland, in that it prevented him from being released on his void judgment. He complains that the clerk and judge have denied him docket entries in his state court case and a hearing on his "motion to vacate void judgment" in violation of the "Public Vessels Act." He contends that defendants have incurred liability by default and that he has a "commercial claim in admiralty against the defendants." *Id.* at 14-20, 22-31, & 35-45. Fullard seeks damages and injunctive relief. *Id.* at 55-56.

On November 24, 2014, Fullard filed a supplemental complaint to include additional "evidentiary file exhibits" to his complaint. ECF No. 3. On December 9, 2014, Fullard filed an amended complaint which seemingly seeks to invoke this Court's 28 U.S.C. § 1332 diversity of citizenship jurisdiction as a means of inculpating the State of Maryland and the state prosecutors in light of the "constructive trust" formed upon the delivery and indorsement of the 1987 charging document and his filing of an "administrative remedy agreement." ECF No. 6. Although he styled the document as an amended complaint, he states that it provides "amendments/supplements to the

original pleading." *Id.* In addition, on February 2, 2015, Fullard filed a motion for injunctive relief, seeking release of his "commercial" property (himself) or a show cause order as to why defendants should be allowed to continue to withhold the "commercial" property. ECF No. 9. Finally, on February 20, 2015, Fullard filed a motion for extension of time to effect service of process on defendants. ECF No. 10.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 547.

The Court has thoroughly examined the complaint and finds it is insufficient and does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint is a rambling discourse regarding Fullard's 1988 conviction,[4] the failure of authorities to forward his personal property with him to Texas,[5] and the

---

[4] Any 42 U.S.C. § 1983 challenge raised by Fullard to his 1988 convictions would be barred because he cannot show that the conviction was overturned, dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Further, the Court observes that in 1994, Fullard filed a § 2254 petition in this Court, attacking his 1988 convictions in Prince George's County. *See Jackson v. Smith*, Civil Action No. HAR-94-114 (D. Md.) at Paper No. 1. After briefing by the parties and review by a Magistrate Judge, the petition was denied by Judge John R. Hargrove on June 12, 1995. *Id.* at Paper No. 24. On April 2, 1996, the United States Court of Appeals for the Fourth Circuit affirmed the reasoning of the District Court. *See Jackson v. Smith*, 81 F.3d 150 (4th Cir. 1996) (Table).

[5] To the extent that Fullard raises property claims against former North Branch

failure of the circuit court to provide him a partial docket sheet in his 1987 criminal case and to afford him a hearing on his "motion to void" his judgment,[6] with no discernible factual allegations from which a cause of action might be gleaned. The statements made in the complaint are nonsensical, referencing various contracts, negotiable instruments, and the Uniform Commercial Code ("UCC"). The language used in Fullard's complaint is consistent with the "flesh and blood" defense frequently raised in this court in criminal prosecutions and soundly rejected.[7] Fullard's jurisdictional claims, whether couched in "flesh and blood" language, admiralty law, and/or the Uniform Commercial Code, do not raise claims involving violation of the Constitution or laws or

---

Correctional Institution Warden Shearin, he has failed to state a claim. First, there is no allegation that Shearin had any involvement in the confiscation and/or loss of the property. Second, in the case of lost or stolen property, sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542–44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Moreover, Fullard now concedes that the property was sent to him in Texas in 2014. Mot. for Inj. Relief Ex. I, ECF No. 9-9.

[6] It is hard to discern any injury to Fullard from the alleged failure of the Circuit Court Clerk to provide him a copy of his criminal docket sheet "for January and February of 2014" for him to determine whether his motion was filed, in light of the fact that, as Fullard acknowledges, the state court ruled on the motion, which could not have happened if it were not filed. Fullard has failed to show how the failure to provide him the partial docket sheet prejudiced him or otherwise caused him injury. Moreover, Circuit Court Judge Shaw-Geter is entitled to absolute immunity for her failure to afford Fullard a hearing on his motion to void judgment. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity applies to judicial action taken in error, done maliciously, or undertaken in excess of authority. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Essentially, a judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter.

[7] *See, e.g., United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (criminal defendants raised meritless flesh and blood defense by asserting court had no jurisdiction because they had not consented to the proceeding against them).

treaties of the United States as required.

Because Fullard is not proceeding in forma pauperis, no statutory screening is authorized under the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2). Nevertheless, a district court has inherent authority to dismiss a frivolous complaint *sua sponte*. *See Mallard v. United States Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte*, even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

The Court here is faced with Fullard's attack on his 1988 convictions and his allegations against state court personnel and a prison administrator, none of which sets out a colorable claim. The complaint shall be summarily dismissed. Fullard's motion for injunctive relief shall be denied and his motions for official service and extension of time shall be dismissed as moot. A separate Order follows reflecting the opinion entered by this Court.

Date: 03 30 2015

Paul W. Grimm
United States District Judge